UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:23-CR-595-MTS |
| | ) | |
| GARY WILDS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GARY WILDS' SENTENCING MEMORANDUM REQUESTING
A DOWNWARD DEPARTURE FROM THE U.S.S.G. RECOMMENDED RANGE**

Comes now Defendant Gary Wilds, by and through undersigned counsel, John T Davis, of the law firm of KesslerWilliams, LLC, and hereby submits this Sentencing Memorandum in anticipation of the sentencing hearing scheduled for September 30, 2025, at 11:00 a.m. For reasons stated below, Defendant Wilds respectfully requests a 24-month sentence on the four (4) counts requiring a two-year mandatory minimum, credit for time served on the remaining counts, and an appropriate period of supervised release to be supervised in the EDMO where he resides.

**BACKGROUND**

1.  Defendant Gary Wilds (hereafter Wilds) was indicted on October 25, 2023, in a 33-count federal indictment charging Conspiracy to Commit Wire and Mail Fraud in Count One, Wire Fraud in counts 2-23, Aggravated Identity Theft in counts 24-27, and Making a False Statement in counts 28-33. [1]

---

[1] Each of the four Aggravated Identity Theft offenses charged in counts 24-27 carries a mandatory two (2) years imprisonment that, while allowed to be served concurrently with each other, must run consecutive to any other sentence imposed on the remaining 29 counts.

2. All three of Wilds' co-conspirators previously entered pleas of guilty. One has been sentenced to probation and the remaining two await sentencing following that of Defendant Wilds.

3. Count One of the Indictment, the conspiracy count, includes the common parlance "Gary Wilds…. *and others known and unknown to the Grand Jury…*" conspired to violate the statute. (Emphasis added)

4. As reported at paragraph 17 of the Presentence Investigation Report, [DOC 256] "According to the government, Wilds is most culpable in the instant offense as he operated a business through which he assisted motor vehicle owners in registering their vehicles. Wilds provided customers' names, vehicle identification numbers, and motor vehicle title numbers to" the three named codefendants who were employed by the Missouri DOR. "Wilds further used forged and fraudulent forms seeking exemption for Missouri businesses seeking to register trucks weighing more than 24,000 pounds or trailers. Wilds kept the sales taxes that vehicle owners had paid him as well as a fee for his services. Next *and equally culpable* are (co-defendants) who at the behest of Wilds made fraudulent representations and executed forged documents to the DOR in registering vehicles for motor vehicle owners in exchange for payment from Wilds." (emphasis provided)

5. A major portion of the conspiracy with which the defendants are charged involves the use of USDOT issued letters falsely claiming the subject vehicles were used in the normal course of business to transport people and haul property. Such letters, in conjunction with Missouri DOR Form 5095, exempted such vehicle owners from sales taxes.

6. While Wilds admits and accepts responsibility for using such USDOT

letters to fraudulently register vehicles as tax exempt, Wilds neither qualified for, nor possessed such letters, himself. Wilds was provided such letters from at least two others unindicted individuals who instructed and coached him on the use of *their* letters for pecuniary gain in return for a portion of the money paid to him by others to avoid sales tax.

7. As indicted, Wilds does not object to the four (4) point enhancement as an organizer or leader pursuant to USSG §3B1.1(a). However, the entire conspiracy would have been impossible without the, at least, two unindicted individuals known to the government who provided the necessary paperwork and instruction for the scheme to operate.

## I.

## POINTS AND AUTHORITIES

### THE COURT SHOULD SENTENCE DEFENDANT WILDS TO A "SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY."

In light of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), it will be the Court's duty at the time of sentencing to impose the sentence which is "sufficient, but not greater than necessary." To fulfill the purposes of sentencing instructed by *Booker*, the Court should consider the factors outlined in 18 U.S.C. § 3553(a). *Booker*, 125 S.Ct. 738, 750-52, 764-66.

Although the mandate to sentence within the specified guidelines has been abolished by *Booker,* the Guidelines remain a factor which the Court must "consider" before imposing sentence. 18 U.S.C. § 3553(a)(4). As a practical matter, it may make sense to determine the Guidelines first; although that is not to say they should receive the most weight. In fact, any special weight to the guideline range relative to the Section 3553(a) factors would violate the Sixth Amendment. Thus,

the guidelines are but one of the many factors to be considered. *United States v. Zavala*, 443 F.3d 1165, 1170-71 (9th Cir. 2006).

Courts are now permitted to tailor the sentence considering other statutory concerns, as well as the sentencing factors set forth in 18 U.S.C. § 3553. *Booker*, 125 S.Ct. 738, 757. In commenting on the post-*Booker* revolution to Federal sentencing procedure at the District Court level, the Supreme Court observed that historically "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States,* 552 U.S. 38, 52 (2007) citing *Koon v. United States,* 518 U.S. 81, 113(1996)). In determining the sentence to be imposed, the Court shall consider the factors enumerated in Section 3553(a). Specifically, it is important for the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. Further, Section 3553(a)(2) identifies the purposes of sentencing:

(A) provide <u>just</u> punishment for the offense;

(B) afford adequate deterrence to criminal conduct;

(C) protect the public from further crimes of the defendant; and

(D) provide the defendant with needed medical care or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (emphasis added).

This Sentencing Memorandum will address the relevant subsections of 18 U.S.C. § 3553 and articulate why an overall analysis of the statutory sentencing factors will assist the Court in determining a sentence that is "sufficient, but not greater than necessary."

**The Nature and Circumstances of the Offense**

3. By virtue of Wilds' plea of guilty, he has taken responsibility for his role in the 33-count federal indictment charging Conspiracy to Commit Wire and Mail Fraud in Count One, Wire Fraud in counts 2-23, Aggravated Identity Theft in counts 24-27, and Making a False Statement in counts 28-33.

In determining the sentence to be imposed, the Court shall consider, among other things, the "*need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*" (emphasis supplied) 18 U.S.C. § 3553(a)(6). *United States v. Gallegos*, 480 F.3d 856, 859 (8th Cir. 2007). Therefore, when taking into consideration the factors specifically related to Wilds as outlined below, as well as a sentence of probation for the first co-defendant to be sentenced, a below-guidelines sentence would be "sufficient, but not greater than necessary."

2. **Defendant Wilds' Sentence Should Reflect His History and Characteristics**

The Court should factor in Wilds' history and characteristics when making a sentence "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a)(1).

   a. **Family**

As reflected in the Presentence Investigation Report (PSR), Wilds has two older parents living locally in need of medical care including daily oxygen that prevents them from attending the sentencing hearing. Equally important is Wilds 10-year-old son who is a major part of Wilds life. While the son's mother, Wilds former wife, can care for the son during any period of incarceration, at the age of 10, Wilds son will be without a father who regularly participates in his son's baseball and other sport activities.

   b. **Criminal History**

While Wilds criminal history is greater than that of his codefendants, only a small portion applies to the calculation of his criminal history.  As a result, Wilds criminal history is a category III by two prior convictions. Nonetheless, Wilds has a stable family foundation which will undoubtedly be impacted by a term of imprisonment in the present matter, the cause for which he accepts full responsibility.

    3.    **The Court must determine a sentence that is sufficient to promote the purposes of sentencing.**

        a.    **Defendant Wilds' sentence should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

Wilds truly recognizes the seriousness of the offenses for which he has accepted responsibility.  He now faces the reality of continued lifelong repercussions from his past indiscretion.

A sentence below the recommended guideline range in conjunction with concurrent 2-year sentences on each of the four counts that carry such mandatory terms would be sufficient, and still reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

        b.    **Defendant Wilds' sentence should afford adequate deterrence to criminal conduct.**

Wilds owns up to the fact his bad decisions have put him in an even worse situation. He recognizes his mistakes and understands his faults. He is ready to put this matter behind him and become an even better person. Wilds has worked hard to move forward in a positive direction.

Perhaps the most significant deterrent for Wilds is the stress his actions caused to those around him. Wilds realizes his conduct not only affects him directly but also the people he cares about and the people for whom he is financially responsible. Regardless of the sentence this Court

confers, it is Wilds actions that have put this emotional turmoil on his immediate and extended family and his business. Those consequences alone are enough for him to be deterred from conduct that will place him and his loved ones in this position again.

      **c.**      **In determining the sentence to be imposed, the Court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

In this case to date, a co-defendant employee of the DOR, who conducted the fraudulent transactions, received probation. The two unindicted individuals who provided the necessary licensure and paperwork for the scheme to operate remain unindicted. While in no way diminishing or dismissing the severity of Wilds actions, it is a point this Honorable Court should consider in accessing a sentence that avoids an unwarranted disparity among defendants.

## II.

## CONCLUSION

Under 18 U.S.C § 3553(a), this Court can consider the nature and circumstances of the offense, and the history and characteristics of Defendant Wilds when fashioning a sentence that is sufficient, but not greater than necessary, to achieve the goals of 18 U.S.C § 3553(a). A below-guidelines sentence of imprisonment of 24-months concurrent on the four (4) counts requiring a two-year mandatory minimum, credit for time served on the remaining counts, and an appropriate period of supervised release in this case will achieve the goals of 18 U.S.C. § 3553(a)(2) in that it reflects the seriousness of the offense, provides just punishment, will afford adequate deterrence, and protect the public.

**WHEREFORE**, for the foregoing reasons, it is respectfully requested this Honorable Court sentence Defendant Wilds as requested above.

Dated: September 28, 2025.                     Respectfully submitted,

/s/ John T Davis

John T Davis, #40915MO
1401 South Brentwood Boulevard, Suite 500
St. Louis, Missouri 63144
Phone: (314) 696-9229
Fax: (314) 727-2869
E-Mail: John.Davis@KesslerWilliams.com
*Attorney for Defendant Gary Wilds*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28thh day of September 2025, the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system and served upon the Assistant United States Attorney Tracy Berry.

/s/ John T Davis

John T Davis